John J. Edmonds (State Bar No. 274200)
jedmonds@ip-lit.com
COLLINS EDMONDS
Collins Edmonds Schlather & Tower, PLLC
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 973-7846
Facsimile: (213) 835-6996

Attorneys for Plaintiff,
CELLSPIN SOFT INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NIKON AMERICAS, INC. and NIKON INC.,<br><br>Defendants. | Case No. 4:17-cv-05936<br><br>**AMENDED COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,738,794, 8,892,752, 9,258,698, AND 9,749,847**[1]<br><br>**DEMAND FOR JURY TRIAL**<br><br>Original Complaint Filed: October 16, 2017<br>Judge: Honorable Yvonne G. Rogers |

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of United States Patent Nos. 8,738,794 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'794 patent"), 8,892,752 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'752 patent"), 9,258,698 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'698 patent"), and 9,749,847 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'847 patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

[1] Cellspin files this Amended Complaint pursuant to the Court's very recent February 27th Order approving the parties' stipulation that pleadings in this case may be "amended, without the need for leave of Court, up to, and including June 5, 2018." Although Nikon has not filed a motion asserting invalidity under 35 U.S.C. § 101, its co-defendants in related cases consolidated for certain proceedings have done so.

2. Plaintiff, Cellspin Soft, Inc. ("Cellspin"), is a California corporation with an office and place business at 1410 Mercy Street, Mountain View, California 94041.

3. Upon information and belief, Defendant, Nikon Americas, Inc. ("Nikon Americas"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1300 Walt Whitman Road, Melville, New York 11747. Nikon Americas has already been served with process and is being served with this Amended Complaint via ECF.

4. Upon information and belief, Defendant, Nikon Inc. ("Nikon Inc"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1300 Walt Whitman Road, Melville, New York 11747. Nikon Inc has already been served with process and is being served with this Amended Complaint via ECF.

5. Defendants Nikon Americas and Nikon Inc are collectively referred to herein as "Nikon."

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction over this case for patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Plaintiff is the assignee of the Patents-in-Suit with all right, title and interest to bring the claims herein comprising those for past and present infringement, including to recover damages therefor.

8. The Court has personal jurisdiction over Nikon, including because Nikon has minimum contacts within the State of California; Nikon has purposefully availed itself of the privileges of conducting business in the State of California; Nikon regularly conducts business within the State of California; and Plaintiff's cause of action arises directly from Nikon's business contacts and other activities in the State of California, including at least by virtue of Nikon's infringing methods and products, which are at least practiced, made, used, offered for sale, and sold in the State of California. Nikon is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the California Long Arm Statute, due at least to its

continuous and systematic business contacts in California. Further, on information and belief, Nikon is subject to the Court's specific jurisdiction, including because Nikon has committed patent infringement in the State of California, including as detailed herein. In addition, Nikon induces infringement of the Patents-in-Suit by customers and/or infringing users located in California. Further, on information and belief, Nikon regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in California.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Nikon has at least one regular and established place of business, including Nikon Stores and Retail Centers, in this District and in California, and at least some of its infringement of the patent-in-suit occurs in this District and in California.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,738,794**

10. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

11. United States Patent No. 8,738,794 Patent was duly and legally issued by the USPTO on May 27, 2014 after full and fair examination. *See* Exhibit A.

12. Claims of the '794 Patent comprise, in general, methods comprising acquiring new data in a data capture device after establishing a paired connection with a mobile device; determining the existence of new data by the capture device; transferring the new data from the capture device to the mobile device automatically over the paired connection; applying a user identifier uniquely identifying a particular user to the new data; transferring the new data along with the user identifier to a web service; and making available, at the web service, the new data received from the mobile device over the internet, wherein the new data corresponds to the user identifier.

13. Nikon has infringed, and is now infringing, the '794 patent, including at least claims 1, 2, 3, 4, 7, and 9, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the practicing, without authority from Plaintiff, methods for acquiring and transferring data from Nikon Bluetooth enabled data capture devices to Nikon web services via Bluetooth enabled mobile devices. On information and

belief, Nikon practices, including jointly, the claimed methods via its camera and other media devices, including DSLR cameras, point-and-click cameras, digital cameras, and other digital media devices, designed to capture digital media, *e.g.*, images, photographs, audio, video, etc., including related data such as GPS coordinates, timestamp, etc., as specified herein, comprising Bluetooth functionality, with such products comprising the D7500, D5600, D500, D850, D3400, KeyMission 80, COOLPIX A300, COOLPIX W300, COOLPIX W100, COOLPIX B500, KeyMission 170, KeyMission 360, COOLPIX B700, and COOLPIX A900, including when used in conjunction with Nikon mobile applications (including iOS and Android versions thereof) comprising SnapBridge, SnapBridge 360/170, Nikon Image Space, and/or Wireless Mobile Utility, including when used in conjunction with web services comprising www.nikon.com, snapbridge.nikon.com, www.nikonimagespace.com/us/runtastic, and/or www.nikonusa.com.

14. Without limitation, the accused methods, comprising Nikon devices and software which practice said methods, support Bluetooth protocols, including Bluetooth 4.0, which enables connection between such devices and other Bluetooth-enabled mobile devices, such as a cell phone, tablet, laptop, or other mobile device, and which permits the user to acquire and transfer data from Nikon devices to the Nikon web services via a Bluetooth enabled mobile device. The accused Nikon methods comprise acquiring and determining the existence of new data, such as images, photos, audio, or video, including related data, in the Nikon device after establishing a paired connection with the mobile device, and transferring the new data from the Nikon device to the mobile device automatically over the paired connection. The accused Nikon methods further comprise the Nikon applications receiving the new data from the Nikon device and transferring the new data, along with the account information identifying the user, and tied to the new data, to the Nikon web service, such that the Nikon web service receives, and makes available, the new data received over the Internet. Upon information and belief, at least through Nikon's hardware, software, and efforts to test, demonstrate, and otherwise use Nikon devices, Nikon has practiced the accused Nikon methods via at least the use of Nikon devices, comprising at least the foregoing steps.

15. Additionally, or in the alternative, Nikon has infringed, and now infringing, the '794 Patent in this judicial district, the State of California, and elsewhere, jointly with end users and/or customers (collectively, "users"), wherein all of the foregoing steps are performed by Nikon and/or users. Without limitation, Nikon provides software modules for Nikon Bluetooth enabled capture devices and Nikon applications comprising software modules, and Nikon further receives new data at its web services and makes said new data available via its web services. Further, without limitation, user mobile devices perform at least the remaining steps in the claimed methods under the direction or control of Nikon, including Nikon software and hardware, including because user mobile devices perform said steps in order to receive the benefits of Nikon's web services and/or application, and/or because Nikon conditions use of its web services and/or applications upon performance of the remaining method steps.

16. Nikon has had notice of its infringement of the '794 patent pursuant to notifications from Plaintiff comprising letters mailed on June 15, 2017 and August 31, 2017.

17. To the extent Nikon continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '794 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Nikon's continuance of its clear and inexcusable infringement of the '794 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

18. Including on account of the foregoing, Plaintiff contends such activities by Nikon qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

19. Each of Nikon's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,892,752**

20. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

21. U.S. Patent No. 8,892,752 was duly and legally issued by the USPTO on November 18, 2014 after full and fair examination. *See* Exhibit B.

22.Claims of the ‘752 Patent comprise, generally, methods comprising establishing a secure paired Bluetooth connection between a Bluetooth enabled data capture device and a Bluetooth enabled mobile device using an encryption key; acquiring new data in the capture device; receiving a message from the mobile device over the paired connection to enable event notification corresponding to new data on the capture device; determining existence of the new data for transfer; sending an event notification to the mobile device, corresponding to existence of the new data, over the paired connection, wherein the mobile device is configured to listen for the event notification; and transferring the encrypted data from the data capture device to the mobile device, over the paired connection, wherein the mobile device sends the obtained new data with an attached user identifier, a hypertext transfer protocol method, and a destination web address to a remote internet server.

23. Nikon has infringed, and is now infringing, the ‘752 patent, including at least claims 1, 2, 4, 5, 12, 13, and 14, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the practicing, without authority from Plaintiff, methods for transferring data from Nikon Bluetooth enabled data capture devices to remote Nikon internet servers via Bluetooth enabled mobile devices. On information and belief, Nikon practices, and/or induces others to practice, the claimed methods via its camera and other media devices, including DSLR cameras, point-and-click cameras, digital cameras, and other digital media devices, designed to capture digital media, *e.g.*, images, photographs, audio, video, etc., including related data such as GPS coordinates, timestamp, etc., as specified herein, comprising Bluetooth functionality, with such products comprising the D7500, D5600, D500, D850, D3400, KeyMission 80, COOLPIX A300, COOLPIX W300, COOLPIX W100, COOLPIX B500, KeyMission 170, KeyMission 360, COOLPIX B700, and COOLPIX A900, including when used in conjunction with Nikon mobile applications (including iOS and Android versions thereof) comprising SnapBridge, SnapBridge 360/170, Nikon Image Space, and/or Wireless Mobile Utility, including when used in conjunction with web servers comprising www.nikon.com, snapbridge.nikon.com, www.nikonimagespace.com/us/runtastic, and/or www.nikonusa.com.

24. Without limitation, the accused methods comprising Nikon devices and software which practice said methods support Bluetooth protocols, including Bluetooth 4.0, which enables connection between these devices and other Bluetooth-enabled devices, such as a cell phone, laptop, tablet, or other mobile device, which permits the user to establish a secure connection between Nikon devices and a mobile device and acquire and transfer data from the Nikon devices to the Nikon web services via the mobile device. The accused Nikon methods comprise establishing a secure paired Bluetooth connection between the Nikon device and the mobile device using a Bluetooth encryption key. Once paired, new data is acquired on the Nikon device, the Nikon device receives a message from the mobile device over the paired connection to enable event notifications which correspond to new data on the Nikon device, the Nikon device determines the existence of the new data for transfer, and the Nikon device sends an event notification to the mobile device over the paired connection, corresponding to existence of new data for transfer, wherein the mobile device is configured to listen for the event notification. The encrypted data is transferred from the Nikon device to the mobile device over the paired connection, wherein the mobile device sends the obtained new data along with the account information, a hypertext transfer protocol operation, and a destination web address to the Nikon web server. Upon information and belief, at least through Nikon's hardware, software, and efforts to test, demonstrate, and otherwise use Nikon devices, Nikon has practiced the accused Nikon methods via at least the use of Nikon devices, comprising at least the foregoing steps.

25.Nikon has had notice of its infringement of the '752 patent pursuant to notifications from Plaintiff comprising letters mailed on June 15, 2017 and August 31, 2017.

26.Additionally, or in the alternative, Nikon has induced, and continues to induce, infringement of the '752 Patent in this judicial district, the State of California, and elsewhere, by actively inducing direct infringement of the '752 Patent, including by knowingly and actively aiding or abetting infringement by users, by and through at least instructing and encouraging the use of the Nikon products and software noted above. Such aiding and abetting comprises providing devices, software, web servers, and/or instructions regarding the use

and/or operation of the Nikon devices, applications, and web servers in an infringing manner. Further, the direct infringement of users that occurs in connection with Nikon's applications and/or web services occurs under the direction or control of Nikon, including Nikon software and hardware, including because user devices perform said steps in order to receive the benefits of Nikon's web services and/or mobile application, and/or because Nikon conditions use of its web services and/or mobile applications upon performance of the remaining method steps. Such induced infringement has occurred since Nikon became aware of the '752 Patent, at a minimum, as noted above, and the knowledge and awareness that such actions by users comprise infringement of the '752.

27.To the extent Nikon continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '752 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Nikon's continuance of its clear and inexcusable infringement of the '752 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

28.Including on account of the foregoing, Plaintiff contends such activities by Nikon qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

29.Each of Nikon's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,258,698

30.Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

31.U.S. Patent No. 9,258,698 was duly and legally issued by the USPTO on February 9, 2016 after full and fair examination. *See* Exhibit C.

32.Claims of the '698 Patent comprise, generally, methods, devices, systems, and computer-readable media comprising digital camera devices having a short-range wireless capability to connect with a cellular phone; acquiring new-media after establishing a secure wireless connection between the camera and the cellular phone; creating a new-media file

using the new-media; receiving a data transfer request for the new-media file initiated by a mobile software application on the cellular phone over the wireless connection after storing the created new-media file in memory of the camera; and transferring the new-media file to be stored on the cellular phone, over the wireless connection, wherein the cellular phone is configured to use HTTP to upload the received new-media file along with user information to a user media publishing website.

33. Nikon has infringed, and is now infringing, the '698 patent, including at least claims 1, 3, 4, 5, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 19, and 20, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the making, using, offering for sale, and/or selling, without authority from Plaintiff, devices, systems, and/or computer-readable media for enabling connection between data capture devices and other wireless devices, such as a cellular phone, acquiring new data on the data capture device, and transferring the data from Nikon data capture devices to web servers via wireless mobile devices. On information and belief, Nikon practices, and/or induces others to practice, the claimed methods, and/or makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed devices, systems, and computer-readable media, including camera and other media devices, including DSLR cameras, point-and-click cameras, digital cameras, and other digital media devices, designed to capture digital media, *e.g.*, images, photographs, audio, video, etc., including related data such as GPS coordinates, timestamp, etc., as specified herein, comprising wireless functionality, with such products comprising the D7500, D5600, D500, D850, D3400, KeyMission 80, COOLPIX A300, COOLPIX W300, COOLPIX W100, COOLPIX B500, KeyMission 170, KeyMission 360, COOLPIX B700, and COOLPIX A900, including when used in conjunction with Nikon mobile applications (including iOS and Android versions thereof) comprising SnapBridge, SnapBridge 360/170, Nikon Image Space, and/or Wireless Mobile Utility, including when used in conjunction with websites comprising www.nikon.com, snapbridge.nikon.com, www.nikonimagespace.com/us/runtastic, and/or www.nikonusa.com, and/or other media publishing sites, such as social media websites.

34. Without limitation, the accused Nikon devices, including software which practices said

methods, support wireless protocols, including short-range wireless protocols, including wireless networking or Bluetooth protocols, comprising transferring data from digital camera devices to websites via applications on cellular phones, including via its cameras and other media devices. The accused Nikon devices, systems, computer-readable media, and methods comprise the capability to establish a secure wireless connection with a cellular phone. Once the connection between the Nikon device and the cellular phone is established, the Nikon devices acquire new-media (*e.g.*, photos, audio, and/or videos, and related data), create a new-media file using the acquired new-media, and transfer the new-media file to the cellular phone in response to receiving a data transfer request for the new-media file initiated by the Nikon application on the cellular phone, over the established wireless connection, after storing the created new-media file in the memory of the Nikon device. The Nikon devices transfer the new-media file to the cellular phone so that it is stored, over the established wireless connection, wherein the cellular phone is configured to use HTTP to upload the received new-media file, along with the user's account information, to a media publishing website for the user, including social media, news, database, Nikon's websites, or other websites. In addition, and in the alternative, to Nikon's making, offering for sale, and/or selling of the Nikon devices and applications, upon information and belief, at least through Nikon's hardware, software, and efforts to test, demonstrate, and otherwise use Nikon devices, Nikon has used the claimed devices, systems, and computer-readable media via at least the use of the Nikon devices, comprising at least the foregoing steps.

35. Nikon has had notice of its infringement of the '698 patent pursuant to notifications from Plaintiff comprising letters mailed on June 15, 2017 and August 31, 2017.

36. Additionally, or in the alternative, Nikon has induced, and continues to induce, infringement of the '698 Patent in this judicial district, the State of California, and elsewhere, by intentionally inducing direct infringement of the '698 Patent, including by knowingly and actively aiding or abetting infringement by users, by and through at least instructing and encouraging the use of the Nikon products and software noted above. Such aiding and abetting comprises providing devices, software, websites, and/or instructions regarding the use and/or

operation of the Nikon devices, applications, and websites in an infringing manner, and further including providing the accused Nikon devices and applications to users who, in turn, use the claimed devices, systems, and computer-readable media, including as noted above. Further, the direct infringement of the claimed methods by users that occurs in connection with Nikon's applications and/or websites occurs under the direction or control of Nikon, including Nikon software and hardware, including because user devices perform said steps in order to receive the benefits of Nikon's websites and/or mobile application, and/or because Nikon conditions use of its websites and/or mobile applications upon performance of the remaining method steps. Further, the direct infringement by users of the claimed systems provides the user with a direct benefit from the use of Nikon devices and applications. Such induced infringement has occurred since Nikon became aware of the '698 Patent, at a minimum, as noted above, and the knowledge and awareness that such actions and use by users comprise infringement of the '698.

37. To the extent Nikon continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '698 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Nikon's continuance of its clear and inexcusable infringement of the '698 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

38. Including on account of the foregoing, Plaintiff contends such activities by Nikon qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff requests an award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

39. Each of Nikon's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,749,847**

40. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

41. U.S. Patent No. 9,749,847 was duly and legally issued by the USPTO on August 29, 2017 after full and fair examination. *See* Exhibit D.

42.Claims of the '847 Patent comprise, generally, systems comprising a capture device comprising: a communication device configured to establish a secure paired connection with a cellular phone, a processor configured to acquire new-data using a data capture circuitry after the paired connection is established, wherein said processor is configured to store the acquired new-data in a coupled memory device and send an event notification along with the acquired new-data to the cellular phone over the paired connection; and a mobile application comprising a graphical user interface in the cellular phone configured to listen for and receive the event notification, receive the acquired new-data over the established paired connection, store the new-data in a memory device of the cellular phone before transfer to a website, and use HTTP to transfer the new-data, along with user information, to the website over a cellular data network.

43. Nikon has infringed, and is now infringing, the '847 patent, including at least claims 1, 2, and 3, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the making, using, offering for sale, and/or selling, without authority from Plaintiff, systems for transferring data from Nikon Bluetooth enabled data capture devices to Nikon websites via Bluetooth enabled cellular phones. On information and belief, Nikon makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed systems, including camera and other media devices, including DSLR cameras, point-and-click cameras, digital cameras, and other digital media devices, designed to capture digital media, *e.g.*, images, photographs, audio, video, etc., including related data such as GPS coordinates, timestamp, etc., as specified herein, comprising Bluetooth functionality, with such products comprising the D610, D600, D750, D7200, D7100, D3300, D3200, D5500, D5300, D5200, Df, Nikon 1 V3, Nikon 1 V2, Nikon 1 J5, Nikon 1 J4, Nikon 1 J3, Nikon 1 S2, Nikon 1 S1, Nikon 1 AW1, COOLPIX S7000, COOLPIX S6900, COOLPIX S6800, COOLPIX S6600, COOLPIX S6500, COOLPIX S9900(s), COOLPIX S9700(s), COOLPIX S9600, COOLPIX S9500, COOLPIX S5300, COOLPIX S5200, COOLPIX S3700, COOLPIX L810, COOLPIX P520, COOLPIX P330, COOLPIX P7800, COOLPIX P900(s), COOLPIX P610(s), COOLPIX P600, COOLPIX P530, COOLPIX P340, COOLPIX A, COOLPIX AW130(s),

COOLPIX AW120(s), COOLPIX AW110, COOLPIX AW110s, including when used in conjunction with Nikon mobile applications (including iOS and Android versions thereof) comprising SnapBridge, SnapBridge 360/170, Nikon Image Space, and/or Wireless Mobile Utility.

44. Without limitation, the accused Nikon devices support Bluetooth protocols, including Bluetooth 4.0, which enables connection between such devices and other Bluetooth-enabled devices, such as a cellular phone, which permits the user to establish a secure connection between the Nikon devices and a cellular phone and acquire and transfer data from the Nikon devices to the Nikon web services via the cellular phone. These Nikon devices comprise capture devices, comprising a communication device within the Nikon devices configured to establish a secure paired connection with a cellular phone, a processor configured to acquire new-data on the Nikon device, *e.g.*, photos, audio, and/or videos, and related data, using data capture circuitry within the Nikon devices after the paired connection is established. The processor within the Nikon devices is coupled to a memory device within said devices, wherein said processor is configured to store the acquired new-data in the memory device and send an event notification, along with the acquired new-data, to the authenticated and paired cellular phone over the established paired connection. The Nikon application comprises a graphical user interface for operation on the cellular phone, and the Nikon application is configured to listen for and receive the event notification from the Nikon devices, receive the acquired new-data over the established paired connection from the Nikon devices, store the new-data in a memory device of the cellular phone before transfer to the Nikon websites, and use HTTP to transfer the new-data, along with the account information, to the Nikon websites over a cellular data network servicing the cellular phone. In addition, and in the alternative, to Nikon's making, offering for sale, and/or selling of the Nikon devices and applications, upon information and belief, at least through Nikon's hardware, software, and efforts to test, demonstrate, and otherwise use Nikon devices, Nikon has used the claimed systems via at least the use of the Nikon devices as noted above.

45.Nikon has had notice of its infringement of the '847 patent pursuant to notification from

Plaintiff comprising a letter mailed on August 31, 2017.

46. Additionally, or in the alternative, Nikon has induced, and continues to induce, infringement of the ‘847 Patent in this judicial district, the State of California, and elsewhere, by intentionally inducing direct infringement of the ‘847 Patent, including by knowingly and actively aiding or abetting infringement by users, by and through at least instructing and encouraging the use of the Nikon products and software noted above. Such aiding and abetting comprises providing devices, hardware, software, websites, and/or instructions, including providing the accused Nikon devices and applications to users who, in turn, use the claimed systems, including as noted above. Further, the direct infringement by users of the claimed systems provides the user with a direct benefit from the use of Nikon devices and applications. Such induced infringement has occurred since Nikon became aware of the ‘847 Patent, at a minimum, as noted above, and the knowledge and awareness that such actions and use by users comprise infringement of the ‘847.

47. To the extent Nikon continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the ‘847 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Nikon’s continuance of its clear and inexcusable infringement of the ‘847 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

48. Including on account of the foregoing, Plaintiff contends such activities by Nikon qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

49. Each of Nikon’s aforesaid activities have been without authority and/or license from Plaintiff.

## DAMAGES

50. By way of its infringing activities, Nikon has caused, and continues to cause, Plaintiff to suffer damages, and Plaintiff is entitled to recover from Nikon the damages sustained by Plaintiff as a result of Nikon’s wrongful acts in an amount subject to proof at trial, which, by

law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51. Nikon's infringement of Plaintiff's rights under the Patents-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

52. Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover their attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgment in favor of Plaintiff and against Nikon, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been directly and/or indirectly infringed by Nikon;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Nikon's past infringement, together with pre-judgment and post-judgment interest, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A grant of preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining Nikon and all persons, including its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation therewith, from making, using, offering to sell, or selling in the United States or importing into the United States any methods, systems, or computer readable media that directly or indirectly infringe any claim of the Patents-in-Suit, or any methods, systems, or computer readable media that are colorably different;

D. That this Court declare that Nikon's infringement has been, and continues to be, willful, including that Nikon acted to infringe the Patents-in-Suit despite an objectively high likelihood that its actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. A judgment and order requiring Nikon to pay Plaintiff their damages, costs, expenses, fees, and prejudgment and post-judgment interest for Nikon's infringement of the Patents-in-Suit as provided under 35 U.S.C. §§ 284 and/or 285; and

G. Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury of any issues so triable by right.

Dated: March 2, 2018

**COLLINS EDMONDS SCHLATHER & TOWER, PLLC**

By: */s/ John J. Edmonds*
JOHN J. EDMONDS
State Bar No. 274200

*Attorneys for Plaintiff,*
*CELLSPIN SOFT INC.*

Of counsel:

Stephen F. Schlather (*pro hac vice*)
sschlather@ip-lit.com
Shea N. Palavan (*pro hac vice* filed)
spalavan@ip-lit.com
Brandon G. Moore (*pro hac vice*)
bmoore@ip-lit.com
**COLLINS, EDMONDS SCHLATHER & TOWER, PLLC**
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-5291
Facsimile: (832) 415-2535